

Rory J. McEvoy

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 259 6480
T: 212 880 3800
F: 212 880 8965
DirF: 212 259 7195

August 28, 2023

**VIA ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Weller v. Icahn School of Medicine at Mount Sinai et al.**
              **Case No. 1:23-CV-04775 (PKC) (LB)**

Dear Judge Chen:

      On behalf of our clients the Icahn School of Medicine at Mount Sinai (the "School") Mount Sinai Health System Inc., Mount Sinai Queens (named herein as The Mount Sinai Hospital Inc.) ("Mount Sinai"), Kathy Navid, MD, Dennis Charney, MD, and Clarissa Jones-Winter (the "Individual Defendants") (collectively "Defendants") and pursuant to the Court's Individual Rules of Practice 3(A), we write to request a pre-motion conference to seek leave of Court to move to dismiss the Complaint (the "Complaint" or "Compl.") pursuant to Fed. R. Civ. P. 12(b)(6).

      Plaintiff Alexander Weller, MD ("Weller" or "Plaintiff"), a doctor and a second-year law student, was hired November 1, 2022 on a part time, per diem basis. On December 2, 2022, Plaintiff voluntarily resigned – one month after he was hired. On June 27, 2023, Plaintiff commenced this lawsuit alleging that the Defendants: (i) failed to pay him for all hours worked in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (ii) failed to keep records, and failed to provide wage notices at time of hire and at time of termination in violation of the NYLL; (iii) retaliated against him in violation of the FLSA and NYLL; (vi) violated Sections 1 and 2 of the Sherman Act; and (vii) violated New York's prohibition on unreasonable non-compete agreements. In a catch-all claim, Weller alleges breach of contract, fraud, promissory estoppel, and breach of the implied covenant of good faith and fair dealing. All of Plaintiff's claims arise out of his demand that he be paid for a half hour of work based on a time sheet that he failed to correct. Compl. ¶¶ 61-64.

As a preliminary matter, all of Plaintiff's claims should be dismissed because Plaintiff merely alleges the elements of his various claims without alleging how each of those claims was violated by each of the Defendants. For example, Plaintiff makes no substantive allegations against Charney, *see* Compl. ¶¶ 13, fn. 2, 17, 19-20, 26, 124, or Jones-Winter, *see* Compl.¶¶ 15, 17, 19-20, 124. It is well established that "where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (internal quotation marks omitted); *see also Gutierrez v. Vergari*, 499 F. Supp. 1040, 1052 (S.D.N.Y. 1980). There is not a single substantive allegation that Charney or Jones-Winter violated any law or that they caused any injury to Plaintiff. Accordingly, Charney's and Jones-Winter's motion to dismiss the Complaint in its entirety against them should be granted.

In addition, Plaintiff does no more than group all of the Mount Sinai and the Individual Defendants together as the "Defendants" and makes the same allegations against them all. *See Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001) (plaintiff cannot "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct"). Plaintiff also fails to allege facts sufficient to support a claim that any of the Individual Defendants are "employers" within the meaning of applicable law. *See Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 586 (S.D.N.Y. 2020) (dismissing a complaint where plaintiffs failed to plead sufficient factual content that defendants meet the definition of employer under the FLSA). Plaintiff relies solely on allegations that the Individual Defendants were each "employed by Mount Sinai or its affiliates and subsidiaries." *See* Compl. ¶17.

Plaintiff's individual claims fare no better. Weller's Sherman Act anti-trust claim should be dismissed because he failed to allege the requisite elements to state such a claim. Weller failed to allege that there is an agreement between at least two separate entities or to name those entities. *See Copperweld Corp. v. Indept. Tube Corp.*, 467 U.S. 752, 769 (1984) (finding that employees of the same company are incapable of conspiring with one another). Although Plaintiff alleges that Defendants conspired with "other hospitals" and "co-conspirators" to restrain trade he doesn't identify them, or name them as defendants. Plaintiff also failed to define the market in which he alleges Defendants have a monopoly, or that Defendants both possess monopoly power and willfully acquired or maintained that power through exclusionary conduct. *See United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966).

Weller's non-compete claim should be dismissed because there was no non-compete agreement in effect. Plaintiff's employment agreement provided, in relevant part, that "You agree to notify the Chairman of your department if your employment arrangements outside Mount Sinai change from your existing arrangement." That Weller was only required to notify the Chair is confirmed by the extensive negotiations that he engaged in regarding this provision of his employment agreement. Compl. ¶28. To the extent that Plaintiff relies on Section D.4 of the Standard Terms & Conditions of Part Time Physician Employment, the very next Section, D.5, provides that "If any provision of the Physician's Employment Agreement conflicts with any provision of the foregoing policies, the provision of the Employment Agreement shall control."

Thus, all Weller needed to do was notify the Chair if he took a job outside of Mount Sinai and he was free to do so. Compl. ¶24 and Ex. A).

Next to go is Plaintiff's fraud claim because it fails to meet the pleading requirements for such a claim. Fed. R. Civ. P. 9(b), Special Pleadings requires that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Weller failed to meet this pleading requirement.

Equally deficient is Plaintiff's constructive discharge claim. Weller voluntarily resigned on December 2, 2022. Plaintiff failed to allege any facts that his working conditions were so intolerable that a reasonable person would have felt compelled to resign. Nor does Weller allege any facts that any of the Defendants intentionally made his working conditions intolerable – which is an essential element of a constructive discharge claim. *See Pa. State Police v. Suders,* 542 U.S. 129, 141, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004).

Plaintiff's various claims for non-payment of wages and failure to provide certain notices should all be dismissed for a variety of reasons that are too numerous to discuss in detail in a three-page letter. A couple of examples will have to suffice for now: (i) Plaintiff's entire wage claim is based on 30 minutes of time that he claimed he was entitled to relying on a time record that he filled to correct; (ii) Weller's employment agreement specified his rate of pay at the time of hire; and (iii) Plaintiff's claims under the NYLL should all be dismissed because he either wasn't covered by the cited sections of the NYLL or he was provided with the information required by those sections.

The remainder of Plaintiff's failure to pay wages and provide required notices are fatally deficient for similar reasons. Weller's retaliation claim should be dismissed because he failed to adequately plead that he engaged in protected activity, that he suffered an adverse employment action (his voluntary resignation) and that there is a causal connection between his alleged protected activity and his resignation.[1] Plaintiff's claims for breach of contract, promissory estoppel, and the implied covenant of good faith and fair dealing should be dismissed, among other reasons, because plaintiff states only the basic elements of each claim, and fails to provide any factual allegations in support of those claims despite his lengthy Complaint.

For all the foregoing reasons, Defendants seek leave of Court to make a motion to dismiss the Complaint in its entirety with prejudice.

Respectfully Submitted,

*/s/ Rory McEvoy*
Rory J. McEvoy, Esq.

cc: Alexander Weller, M.D. (via ECF)

---

[1] Plaintiff's reporting alleged violations of inadequate staffing that jeopardized patient care days before he resigned is suspect at best. There is no conclusion possible other than that Weller had decided to resign and made this complaint to set up a retaliation claim. Compl. ¶83.