**ORIGINAL**

August 30, 2023



Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Weller v. Icahn School of Medicine at Mount Sinai et al.*
    Case 1:23-CV-04775(PKC)(LB)

**Plaintiff's Response to Defendant's Letter Seeking Leave to Move to Dismiss Pursuant to**
**Fed. R. Civ. P. 12(b)(6)**

Dear Judge Chen-

*Pro se* plaintiff Alexander S. Weller, MD, (hereinafter "Plaintiff") writes in response to Defendant's Letter Seeking Leave to Move to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed[1] August 28, 2023 (ECF #10). Further, Plaintiff writes to request that the Court order a pre-motion conference.

Plaintiff is a board-certified internal medicine physician; Plaintiff is also a third-year law student. Plaintiff alleges that Mt. Sinai Health System, and certain managers and executives of the health system, did knowingly violate, and retaliated against Plaintiff for opposition to, illegal practices under various federal and state laws regulating employee wages and working hours. Plaintiff also alleges that Mt. Sinai imposed unreasonable and thus illegal non-compete agreements on its employed physicians and engaged in a course of conduct concerning for a violation of the Sherman Act. Plaintiff is seeking both monetary and equitable remedies.

Defendant's needlessly hyperbolic and inflammatory letter, which distracts from and fails to address the substantive merits of the claims presented in the Complaint, comes after Plaintiff had reached out to opposing counsel several weeks ago to inquire whether Defendants wished to meet and confer; Plaintiff's overture was ignored. Defendant's characterizations of Plaintiff's claims that "All of Plaintiff's claims arise out of his demand that he be paid for a half hour of work based on a time sheet that he failed to correct" is reductionist and misleading, ignoring material facts in presented in the Complaint; under Defendant's reasoning, the American Revolution would simply be the product of a long-running dispute related to tariffs on tea imports

Plaintiff is proceeding *pro se*, in which case courts afford the complaint "extra-liberal construction," where the court must "construe his complaint as raising the strongest claims that it suggests, consistent with his complaint's factual allegations." *Son v. United States Army*, No. 1:22-CV-1388 (GTS/DJS), 2023 U.S. Dist. LEXIS 131661, at *10 (N.D.N.Y. July 31, 2023) (see also *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted)). Moreover, in the event the Court finds that Plaintiff's complaint is

---

[1] For the record, Defendants failed to serve the letter on Plaintiff contemporaneously with filing of the letter.

technically deficient in its pleadings, the Plaintiff will ask the court for leave to amend his pleadings; Courts favor resolving cases on the merits. *Foman v. Davis*, 371 U.S. 178 (1962).

Consistent with *Iqbal* and *Twombly*, Plaintiff must only plead a case that is "plausible on its face." Defendant's contentions that allegations against Defendants Charney and Jones-Winter should be dismissed because "there is not a single substantive allegation" they harmed Plaintiff must fail; a plaintiff is not required to plead a prima facie case, as that is an evidentiary standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Here, Plaintiff's complaint names Charney, as Dean of the Icahn School of Medicine at Mt. Sinai, and Jones-Winter, Associate Dean for Faculty, Staff, and Trainee Relations. Charney signed Plaintiff's employment agreement; Jones-Winter was a key participant in meetings Plaintiff had in an attempt to resolve this dispute. Certainly Mt. Sinai does not claim that its Dean and Associate Dean had no role in resolving serious allegations of noncompliance[2] with federal and state law. Their involvement will be further elucidated during discovery and at trial.

The involvement of individual defendants was described in the Complaint; (see Complaint at 26 for Charney; Complaint at 65, 66, 69 for Jones-Winter). Although Plaintiff did not plead these facts in the Complaint and does not want to transform this into a summary judgment proceeding, Plaintiff is also in possession of emails, obtained as discovery during the pendency of this claim in state court, which clearly display Jones-Winter's involvement in this matter. Jones-Winter was also a key participant in meetings Plaintiff had in an attempt to resolve the matter.

Defendant's contention that Plaintiff fails to allege facts sufficient to support a claim that individual Defendants are "employers" is perplexing. Under the FLSA, employer is defined expansively as both "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee" (29 U.S.C. § 203(d)) and "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons" (29 USC § 203(a), (d)). Courts also use the *Carter* test to determine whether an individual is an employer for purposes of the FLSA. *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). Plaintiff describes facts supporting the proposition that each individual defendant meets the definition of employer under the FLSA; see Complaint paragraphs 11 – 17, 20, 26, 28, 34, 35, 38, 45, 57, *et seq.* Nevertheless, at this time, Plaintiff must only plead facts, and thus Defendant's concerns would be more appropriately resolved after the development of a factual record. Further, the case Defendants cite, *Huer Huang*, involved complicated factual questions regarding ownership and management of several dumpling restaurants in Manhattan, postulating the existence of a single integrated enterprise; mainly, the Court found that a manager at one location could not be held liable for wrongdoing at a different location. The facts in this case are markedly different *Huer Huang*.

Defendant's concerns regarding Plaintiff's claims under the Sherman Act are misplaced. Whether entities are separate "persons" under Section 1 is a fact-specific analysis that must be determined on a case-by-case basis. *Am. Needle, Inc. v. NFL*, 560 U.S. 183 (2010). The case cited by the Defendants, *Copperweld*, is not applicable here; in *Copperweld*, the Supreme Court ruled on the clear-cut situation of a wholly owned subsidiary. Further, Plaintiff pleaded a claim under Section 2, in which courts have found that unilateral conduct can be unlawful. See *Aspen Skiing*

---

[2] *Cf. Marchand v. Barnhill*, 212 A.3d 805 (Del. 2019)

*Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985); *Brooke Grp. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209 (1993)

Interpretation of the employment contract would be more productive after the development of a factual record. Furthermore, Defendant's limited excerpt from the employment agreement failed to include that, besides requiring the notification of the department chair of new employment arrangements, the agreement also stated: "You agree that you will not engage in any other clinical activity outside of your employment with Faculty Practice except for your existing employment at... You agree to notify the Chairman [sic] of your department if your employment arrangements outside Mount Sinai change from your existing arrangement. Any violation of this provision will void your contract with ISMMS." It is unclear what these terms represent if not a de facto noncompete agreement.

Under New York law, in an action for constructive discharge a plaintiff must plead that an "employer deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign." *Short v. Deutsche Bank Securities, Inc.*, 79 A.D.3d 503, 504, 913 N.Y.S.2d 64 (1st Dep't 2010) (citation and quotations omitted). Here, Plaintiff has alleged facts that the Defendants created unpleasant working conditions, permeated with an air of indignation and a thirst for retaliation: see Complaint paragraphs 61, 63, 65, 75. Nonetheless, this claim would be better adjudicated after the development of a factual record.

Defendant's allegations regarding deficiencies in the pleadings regarding violations of required notices under the New York Labor Law are vague and conclusory and lack sufficient details to permit a response. Defendant's claim that the retaliation claims are inadequately pleaded is contradicted by multiple sections of the Complaint; see paragraphs 49, 55, 57, 58, 61, 63.

For all these reasons and more, Plaintiff respectfully requests that the Court order a conference[3] regarding Defendant's proposed motion to dismiss.

Sincerely-

Alexander S. Weller, MD
250 North 10th St, Apt 428
Brooklyn, NY 11211
Asweller4@gmail.com
(267) 566 - 2440

---

[3] Plaintiff respectfully asks that the Court schedule a conference at a time that would not conflict with Plaintiff's law school classes. Plaintiff has classes Mondays 10:30 am – 8 pm, Tuesdays 10:30 am  - 1 pm; Wednesdays 9:15 am – 1 pm, Thursdays 10:30am – 1 pm.