ORIGINAL

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 0 4 2024 ★

BROOKLYN OFFICE

RECEIVED
JAN 0 4 2024
PRO SE OFFICE

**Filed Under Seal on ECF**

January 4, 2024

Judge Pamela Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY

Re: *Weller v. Icahn School of Medicine at Mount Sinai, et al.,*
    23-CV-04775 (PKC)(LB)

Dear Judge Chen-

    *Pro se* Plaintiff Alexander Weller sent Mr. Rory J. McEvoy, counsel for all Defendants, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss on January 4, 2024, via email.

    In their Motion to Dismiss (excerpted as Exhibit A), Defendants imply that *pro se* Plaintiff has either already committed perjury or has set for himself an inevitable perjury trap. As fully described in footnotes 1 & 38 of Plaintiff's response (excerpted as Exhibit B), the scandalous accusation that Plaintiff has committed perjury impugns Plaintiff's character and implies that Plaintiff is engaging in criminal activity.

    Plaintiff respectfully requests that Defendants be ordered to file under seal an unredacted copy of their Motion to Dismiss, along with an unredacted copy of Plaintiff's response; Plaintiff respectfully requests that Defendants be ordered to file the respective documents on the public docket with the proposed redactions (highlighted), so that the Court may consider striking the scandalous statement, and references to it, while respecting Plaintiff's good name.

    Respectfully submitted-



Alexander S. Weller, MD
*Pro se* Plaintiff
250 North 10th Street, Apt 428
Brooklyn, NY 11211
267-566-2440
Asweller4@gmail.com

# Exhibit A – Excerpt from Defendants' Motion to Dismiss

C.  **Plaintiff Was Paid For All Compensable Time He Worked**

Finally, Plaintiff claims that he was not paid for thirty minutes on November 4 and thirty minutes on November 6. Am. Compl. ¶98. As a preliminary matter, it is clear from the factual allegations in the Complaint that he is only alleging that he was not paid for thirty minutes on November 6. Specifically, according to the Complaint, Plaintiff worked an extra thirty minutes for which he was not paid on November 6. *Id.* ¶¶47, 53. The Complaint alleges that he was told that he left thirty minutes early on November 4, but claimed to have worked the full day. *Id.* ¶62. Nowhere in the Complaint does Weller allege that he was not paid for those thirty minutes on November 4. Rather, he alleges that Mount Sinai told him that the thirty minutes for which he was paid on November 4 but left early covered the thirty minutes for which he claims he worked but was not paid on November 6. *Id.* ¶60. Nowhere in the Complaint or in the correspondence incorporated in the Complaint does Weller affirmatively state that he did not leave at 4:30 p.m. on November 4 (because he cannot without perjuring himself). Instead, he dances around the issue in various ways. *See* Am. Compl. ¶¶63, 65. Thus, the thirty minutes for which Weller was paid on November 4 but did not work covers the extra thirty minutes he claims he worked but was not paid on November 6. Accordingly, Weller was paid for all compensable time worked and his wage claims fail as a result.

## POINT VI

### THE COMPLAINT FAILS TO STATE A CLAIM FOR RETALIATION UNDER THE FLSA AND THE NYLL

To state a claim of retaliation under the FLSA, a plaintiff must allege: (i) participation in a protected activity known to the employer; (ii) an employment action disadvantaging the plaintiff; and (iii) a causal connection between the protected activity and the adverse employment action. *Velasquez v. Yoh Servs., LLC,* 803 F. App'x 515, 517 (2d Cir. 2020);

13

# Exhibit B – Excerpt from Plaintiff's Response to Defendants' Motion to Dismiss

## I. INTRODUCTION

*Pro se* Plaintiff Alexander Weller ("Plaintiff"), respectfully submits this Memorandum of Law in Opposition to Defendants Motion to Dismiss Plaintiff's First Amended Complaint (hereinafter "FAC") and request for attorneys' fees[1].

In brief, Plaintiff: (1) has properly named Charney (2) set forth sufficient facts to support Plaintiff's retaliation claim (3) stated a cognizable injury for being provided inadequate wage statements (4) properly interpreted the Employment Agreement to impose a concurrent non-compete (5) described how aforementioned non-compete violates the Sherman Act.

### A. Court has Jurisdiction Against Charney

Under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 203 *et seq.*) and New York State Labor Law (Labor Law § 215 *et seq.*), natural persons who have control over a company's actual operations in a manner that relates to a plaintiff's employment are properly named as defendants. *Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013).

In the Second Circuit, *Irizarry* and its progeny use the *Carter* test[2] to determine whether a

---

[1] In their Notice of Motion, Defendants ask the Court to award attorneys' fees. This is in the setting of notice from the Court that it is likely that many of Plaintiff's claims appear colorable and viable (as set forth in the annexed transcript), and thus would not be dismissed. If the baseless request for attorneys' fees (combined with obtuse overtures that Plaintiff has committed, or is setting a perjury trap for himself, discussed later) is actually an implicit threat, intended to terrorize and dissuade Plaintiff from pursuing a colorable claim under the FLSA, that itself would be wrongful. The Second Circuit recently held that "baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions, even though they do not arise strictly in an employment context" *Kim v. Lee*, 2023 WL 2317248, at *3 (2d Cir. Mar. 2, 2023), citing *Romero v. Bestcare, Inc.*, 2018 WL 1702001 (E.D.N.Y. Feb. 28, 2018); see also *Rattigan v. Holder*, 604 F. Supp. 2d 33, 53 (D.D.C. 2009); *Darveau v. Detecon*, 515 F.3d 334, 343 (4th Cir. 2008). Moreover, as was written in 2020 by this honorable Court, that courts "in this Circuit are clear that 'instituting bad faith litigation against [an] employee constitutes actionable retaliation.'" *Rodriguez v. Nat'l Golf Links of Am.*, No. 19- CV-7052(PKC)(RML), 2020 WL 3051559, at *3 (E.D.N.Y. June 8, 2020) (cleaned up) (collecting cases). See also *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 473 (S.D.N.Y. 2008) ("Bad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights are actionable retaliation precisely because of their *in terrorem* effect." (citing *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 740 (1983))); see also *Pili v. Patel*, No. 3:18-CV-317, 2019 WL 180185, at *15 (E.D. Va. Jan. 11, 2019) (holding that "even implied threats of retaliatory adverse action suffice to establish that the plaintiff suffered adverse action by the employer.").

[2] "Whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 105, quoting *Carter*, 735 F.2d 8 (2d Cir. 1984).

to believe that he is continuing to work and the time is working time." 29 C.F.R. § 785.11. Moreover, time spent "adjusting grievances" is compensable under many situations, pursuant to 29 C.F.R. § 785.42, though the exact contours of what qualifies is not clearly delineated by the courts. *See Wetzel v. Town of Orangetown*, No. 06-CIV-15190(LAP), 2013 WL 1120026 (S.D.N.Y. Mar. 18, 2013), *aff'd*, 556 F. App'x 46 (2d Cir. 2014); *DeBraska v. City of Milwaukee*, 189 F.3d 650 (7th Cir. 1999).

Here, Defendants had reason to believe that Plaintiff was working – Plaintiff sent Defendants emails[37] outside his scheduled shifts and was adjusting grievances thereof. Furthermore, as Plaintiff was not explicitly barred from doing work (such as sending emails), Defendants must compensate him, even in the absence of affirmative authorization. 29 C.F.R. § 785.11.

### C. iii - Defendants' Ad Hominem Attack on Plaintiff

Instead of making substantive arguments about the applicable law as applied to Plaintiff's factual allegation as set forth in the FAC, Defendants in this section make an unprofessional *ad*

---

[37] Compare *Allen v. City of Chicago*, 865 F.3d 936 (7th Cir. 2017) (Some current and former members of the Chicago Police Department's Bureau of Organized Crime claimed that the Bureau did not compensate them for work they did off-duty on their mobile electronic devices (BlackBerrys). The Court found that some of the off-duty work was compensable, but the Bureau did not prevent plaintiffs from requesting payment for such non-scheduled overtime work and did not know that plaintiffs were not being paid for it).

*hominem* attack on Plaintiff, with inchoate allusions to perjury[38], and lodge trivial objections[39] (hair splitting) that the Court should not entertain. Nonetheless, for purposes of a motion to dismiss, Plaintiff's claims must be accepted as true; Defendants' concerns would be better addressed after the development of a factual record[40]. As reviewed in other places in this brief, since Defendants' non-compliant wage statements do not specify what time (dates/hours) was paid, Plaintiff lacks sufficient information to form a belief as to whether he was actually paid for the 30 minutes of time under dispute, as well as for other days of work.

### F. – Plaintiff Has Stated a Viable Claim for Retaliation Under FLSA/NYLL

Defendants materially misstate the standard for evaluating retaliation under the FLSA/NYLL. Courts apply the familiar *McDonnell Douglas* burden-shifting[41] test. "An employment action

---

[38] Plaintiff wonders if this allusion to perjury, combined with the requests for attorneys' fees (see n. 1), are part of a misguided attempt to wrongfully intimidate, silence, and dissuade Plaintiff from pursuing what are plausible, if not meritorious, claims in court, consistent with a long-standing pattern of retaliatory actions by Mt. Sinai; the Court is asked to take notice of the full text of the *New York* magazine article incorporated by reference in n. 4 of the FAC, which describes a culture of retaliation at Mt. Sinai, where fear of "career-damaging retribution" is pervasive, not for the truth of the matters asserted therein, but for impact the article has in reifying Plaintiff's fear of retaliation. See fn. 1. "In addition to considering the Plaintiff's complaint, the Court may consider documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit… or matters of which judicial notice may be taken." *Mockingbird 38, LLC v. Int'l Bus. Times, Inc.*, No. 21-cv-283 (LJL), 2022 U.S. Dist. LEXIS 8721, at *6-7 (S.D.N.Y. Jan. 18, 2022) (citations, references omitted) (cleaned up); *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 426 (2d Cir. 2008) ("[M]atters judicially noticed by the District Court are not considered matters outside the pleadings."); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Furthermore, Plaintiff respectfully asks that the Court consider striking Defendants' scandalous statement under its inherent authority, as it impugns the Plaintiff's character, and implies that Plaintiff is engaging in criminal activity. *G-I Holdings v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002) (Courts will strike allegations that have "criminal overtones"); see also *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019); *Bartlett v. SAL*, No. 19-CV-7 (CBA) (TAM), 2021 U.S. Dist. LEXIS 258420 (E.D.N.Y. Aug. 5, 2021); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 349 (S.D.N.Y. 1996) ("A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.").

[39] "Because [plaintiff] is a *pro se* litigant, we read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)

[40] *Arguendo*, even if Plaintiff had physically left at 4:30pm, Plaintiff was still on-call and responsible for his patients till 5pm, including calls and messages from nursing staff and critical laboratory results. Moreover, evidence that Plaintiff was doing work between 4:30 – 5 pm, namely metadata from the Epic electronic health record showing that Plaintiff was logged into the EMR system reviewing patient charts and entering orders, is within the exclusive control of Defendants at this time (pending discovery).

[41] "[A] plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing: (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).