

Rory J. McEvoy

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 259 6480
T: 212 880 3800
F: 212 880 8965
DirF: 212 259 7195

January 10, 2024

**VIA ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Weller v. Icahn School of Medicine at Mount Sinai et al.
Case No. 1:23-CV-04775 (PKC) (LB)**

Dear Judge Chen:

    On behalf of our clients the Icahn School of Medicine at Mount Sinai, Mount Sinai Health System Inc., Mount Sinai Queens, Kathy Navid, M.D., Dennis Charney, M.D., and Clarissa Jones-Winter (collectively, "Defendants"), I write in response to Plaintiff's letter to the Court, dated January 4, 2024, requesting that a portion of Defendants' memorandum of law in support of their motion to dismiss be redacted.  Plaintiff states that the memorandum of law "impl[ies] that *pro se* Plaintiff has either committed perjury or has set for himself an inevitable perjury trap."  In fact, Defendants did no such thing.  Rather, the memorandum of law states that Plaintiff does not affirmatively state that he did not leave early on November 4 "because he cannot without perjuring himself."  Accordingly, Defendants did not imply that Plaintiff committed perjury, rather they clearly state that he has not committed perjury, and they should not be ordered to redact their memorandum of law.

    In addition, I write regarding Plaintiff's memorandum of law in opposition to Defendants' motion to dismiss.  The memorandum of law is exactly 25 pages long and contains 51 single-spaced seemingly size-10 font footnotes.  In fact, footnotes take up half of 7 pages in Plaintiff's memorandum of law.  Many of these footnotes contain substantive arguments.  It is clear that Plaintiff seeks to use footnotes in order to circumvent the Court's 25-page requirement.  *See Miller-Rich v. Altum Pharms. Inc.*, No. 1:22-CV-03473 (JLR), 2023 WL 8187875, at *5, n.4 (S.D.N.Y. Nov. 27, 2023) (warning the defendants that the Court will not countenance the gamesmanship of using footnotes to circumvent the court's page limit); *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-10067 (KPF)(SN), 2017 WL 3610511, at *21 (S.D.N.Y. Aug. 21, 2017) (expressing dissatisfaction with

Hon. Pamela K. Chen
January 10, 2024
Page 2

Plaintiff's relegation of entire arguments to footnotes as "blatant circumvention of [the Court's] briefing-length restrictions"). The Court should reject Plaintiff's memorandum of law and order him to file one that contains a limit on the number and length of footnotes set by the Court.

Respectfully Submitted,

*/s/ Rory McEvoy*
Rory J. McEvoy, Esq.

  cc:    Alexander Weller, M.D. (via ECF)