**Filed on ECF**

February 11, 2024

Judge Pamela Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Weller v. Icahn School of Medicine at Mount Sinai, et al.*,
   23-CV-04775 (PKC)(LB)

### Request for Leave to File a Supplemental Statement Related to Defendants' Pending Motion to Dismiss in Light of an Intervening Supreme Court Decision

Dear Judge Chen-

*Pro se* Plaintiff Alexander Weller respectfully requests leave from the Court to file a short supplement to his Response to Defendants' Motion to Dismiss (ECF 31) pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

On February 8, 2024, the Supreme Court issued its unanimous opinion in *Murray v. UBS Sec., LLC,* 601 U.S. ____, No. 22-660, 2024 WL 478566, delivered by Justice Sotomayor, reversing the Second Circuit. The *Murray* Court held that, within the employment whistleblower/retaliation context, "discrimination" against an employee occurs when an employer intentionally treats a person worse because of a protected characteristic (having made a protected complaint); no showing of retaliatory intent or animus is necessary. Moreover, the Court clarified that the "easier-to-satisfy" contributing factor framework was to be used to evaluate employee whistleblower retaliation "where whistleblowing plays an especially important role in protecting the public welfare...". *Murray*, 2024 WL 478566, at *3.

In the instant case, Count 4 of the First Amended Complaint (ECF 18) alleges Defendants did retaliate against Plaintiff in violation of the Fair Labor Standards Act (29 U.S.C 215). On February 2, 2024, Defendants moved to dismiss the complaint, in part by alleging that the First Amended Complaint "fails to state a retaliation claim because it does not allege any employment actions which disadvantaged him." (ECF 28, p. 14 ("Point IV")). However, just like the Sarbanes-Oxley[1] Act prohibits "discrimination" against whistleblowers for making protected complaints, so too does the Fair Labor Standards Act: "[I]t shall be unlawful for any person… (d) to discharge or in any other manner discriminate against any employee…". 29 U.S.C. § 215. Therefore, now Plaintiff here must only show that he was "treated worse" as a result of having made a protected complaint, not that Plaintiff was subject to "adverse action." Other important and relevant points of law can also be gleaned from *Murray*.

---

[1] Technically, the retaliation standard in the Sarbanes-Oxley Act incorporates by reference the standard in the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR 21). 49 U.S.C. § 42121(b)

Therefore, Plaintiff respectfully requests that the Court consider granting Plaintiff leave[2] to submit a short letter brief fully discussing the implications of the *Murray* opinion as to the Defendants' pending motion to dismiss, and granting Defendants the opportunity to respond, if they choose to do so. Alternatively, the Court could consider ordering Defendants to file a supplemental brief as related only to the FLSA retaliation claim and granting Plaintiff an opportunity to respond therein.

Respectfully submitted-

Alexander S. Weller, MD MS
250 North 10th St. Apt 428
Brooklyn NY, 11211
267-566-2440
Asweller4@gmail.com

---

[2] "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted… Leave is normally granted, especially when the opposing party is not prejudiced by the supplemental pleading." *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995); see also *Foman v. Davis*, 371 U.S. 178 (1962).